# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DEREK LOUDERMILK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:24-cv-01360-MTS |
| | ) | |
| RUSHMORE & MR. COOPER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss.  Docs. [5], [13]. The issues are fully briefed.  For the reasons that follow, the Court will grant the Motions and dismiss Plaintiffs' Complaint.  In lieu of dismissing this action, however, the Court will give Plaintiffs an opportunity to file an amended complaint to reassert their claims consistent with this Memorandum and Order, obtain counsel for House of Loudermilk Trust, and properly serve Defendants.  Failure to do so will result in dismissal, as appropriate.

## I.    Background

Plaintiffs Derek Loudermilk and House of Loudermilk Trust, proceeding pro se, filed this wrongful-foreclosure action in state court against Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper or d/b/a Rushmore Servicing ("Nationstar"), Lakeview Loan Servicing, LLC ("Lakeview"), PrimeLending, CSM Foreclosure Trustee Corporation ("CSM"), and up to 100 fictional parties.  Doc. [3].  Plaintiffs challenge the foreclosure of their residence located at 3631 Hartford Street, in St. Louis (the "Property").  *Id.* at 2–4.  They bring claims of wrongful

foreclosure (Count I),[1] fraud in the concealment (Count II), fraud in the inducement (Count III), intentional infliction of emotional distress (Count IV), slander of title (Count V), quiet title (Count VI), declaratory relief (Count VII), and violations of the Truth in Lending Act ("TILA") (Count VIII). *Id.* at 4–11. Defendants Nationstar and Lakeview filed a timely notice of removal, invoking diversity and federal question jurisdiction. Doc. [1].

Defendants Nationstar, Lakeview, and PrimeLending filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docs. [5], [13]. They argue that the Complaint contains no meaningful allegations with respect to them, that Count I does not state a valid cause of action under Missouri law, that Counts II and III fail to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b), that Defendants' alleged misconduct does not rise to the level of outrageousness required to state a claim for intentional infliction of emotional distress, that the allegations in Count V are conclusory, that Count VI fails to set forth facts showing that Plaintiff have superior title to the Property, that Plaintiffs have not shown that they are entitled to declaratory relief, and that Plaintiffs lack standing to bring a TILA claim because they do not allege that they are borrowers under a loan. Doc. [6].

Plaintiffs oppose the Motions to Dismiss, arguing that they adequately alleged all of their claims. Docs. [17], [19]. In the event that the Court finds deficiencies in the Complaint, however, Plaintiffs request leave to amend to include additional facts and evidence, but they

---

[1] Plaintiffs have styled Count I as a claim for "lack of standing to foreclose." Doc. [3] at 4. In light of Plaintiffs' pro se status, the Court liberally construes Count I as asserting a claim for wrongful foreclosure. *See Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014) (explaining that liberally construing a pro se complaint means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework" (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004))).

have not submitted a proposed amended pleading as required by the Eastern District of Missouri's Local Rule 4.07.  Doc. [17] at 2.

## II.    Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged.  *Id.*  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party."  *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).  But courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts."  *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## III.    Discussion

### A.  Deficiencies in the Complaint

Other than alleging Defendants' citizenships, the Complaint contains no factual allegations regarding any named Defendant, does not specify which claims apply to which Defendants, and fails to provide any details regarding the nature of the loan or the foreclosure.  Thus, the Complaint lacks sufficient factual allegations to allow the Court "to draw the reasonable inference that [Defendants are] liable for the misconduct alleged," *Iqbal*, 556 U.S. at 663, and it fails to give Defendants fair notice of the nature and basis of any of the claims

Plaintiffs might be asserting against them, *see Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the "essential function of a complaint . . . is to give the opposing party fair notice of the nature and basis or grounds for a claim" (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999))); *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (concluding that the "complaint f[ell] short of meeting even the liberal standard for notice pleading, since it [wa]s entirely conclusory, giving no idea what acts the individual defendants [we]re accused of that could result in liability"). Additionally, Plaintiff House of Loudermilk Trust is subject to being dismissed from the case because it may not proceed without representation, and as a nonlawyer, Plaintiff Loudermilk is not permitted to represent the trust. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States." (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987))). In light of Plaintiffs' pro se status, the Court will grant them leave to file an amended complaint and additional time to retain an attorney for Plaintiff House of Loudermilk Trust. *See Munz v. Parr*, 758 F.2d 1254, 1259–60 (8th Cir. 1985) (explaining that a court should give a pro se plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint); *Rush v. State of Ark. DWS*, 876 F.3d 1123, 1125–26 (8th Cir. 2017) (per curiam) ("[N]ormally pro se plaintiffs . . . are granted leave to amend their pleadings). The Court will discuss the deficiencies specific to each claim in turn.

### 1. Count I – Wrongful Foreclosure

Under Missouri law, "[a] tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." *Dobson v. Mortg. Elec. Registration Sys./GMAC Mortg.*

*Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008) (citations omitted). Thus, "[a] plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Id.* (citations omitted). The Supreme Court of Missouri has made clear that "there is no cause of action for attempted wrongful foreclosure." *Reese v. First Mo. Bank & Tr. Co.*, 736 S.W.2d 371, 373 (Mo. 1987) (en banc) ("[O]ur authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure deeds of trust.").

Here, the Complaint fails to allege that there was no default on Plaintiffs' part or that a foreclosure sale has occurred. Instead, the Complaint repeatedly alleges that Plaintiffs are challenging Defendants' attempts to foreclose. *E.g.*, Doc. [3] at 4 ("Defendants' actions in the processing, handling and attempted foreclosure of this loan. . . ."); *id.* at 7 ("Defendants' conduct – fraudulently attempting to foreclose. . . ."). Plaintiffs' response in opposition to the motion to dismiss confirms that Defendants' allegedly "improper actions include: Attempted Foreclosure Without Standing" and "Wrongful Foreclosure Attempts." Doc. [19] at 1–2. Because "there is no cause of action for attempted wrongful foreclosure" under Missouri law, Count I fails to state a claim and is subject to dismissal. *See Reese*, 736 S.W.2d at 373 ("[O]ur authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure deeds of trust.").

### 2.  Counts II & III – Fraud in the Concealment & Fraud in the Inducement

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy

Rule 9(b)'s requirements, "the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby.'" *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). "In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). "This requirement is designed to enable defendants to respond 'specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.'" *Id.* (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id.* (quoting *Com. Prop. Invs. Inc. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (8th Cir. 1995)).

Under Missouri law, the elements for the claims of fraudulent misrepresentation and fraudulent inducement are identical: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Compare Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. 2007) (en banc) (fraudulent misrepresentation), *with SBFO Operator No. 3, LLC v. Onex Corp.*, 101 F.4th 551, 557 (8th Cir. 2024) (quoting *State ex rel. PaineWebber, Inc. v. Voorhees*, 891 S.W.2d 126, 128 (Mo. 1995) (en banc)) (fraudulent inducement). In a

6

fraudulent concealment claim, "a party's silence in the face of a legal duty to speak replaces the first element: the existence of a representation." *Id.* (citing *Andes v. Albano*, 853 S.W.2d 936, 943 (Mo. 1993) (en banc)). The duty to disclose "can be shown by the existence of unequal positions, as in a relationship of trust from confidential relationship or some demonstrably superior knowledge on the part of one party that is not within the fair and reasonable reach of the other." *Littlefield v. Edmonds*, 172 S.W.3d 903, 907 (Mo. Ct. App. 2005) (citing *Van Booven v. Smull*, 938 S.W.2d 324, 328 (Mo. Ct. App. W.D. 1997)).

Here, Plaintiffs' fraud claims lack the level of particularity required by Rule 9(b). The Complaint does not specify the time and place of the fraudulent conduct, facts about the nature of the fraud, and which Defendant engaged in the fraudulent conduct. *See Drobnak*, 561 F.3d at 783 ("[T]he complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby." (citation modified)). The Complaint also fails to allege facts regarding the materiality of the representation, Defendants' duty to disclose the securitization of the loan, Plaintiffs' right to rely on Defendants' representation, and how Defendants' representation injured Plaintiffs. *See Hess*, 220 S.W.3d at 765 (stating the elements of fraud in the concealment); *Voorhees*, 891 S.W.2d at 128 (stating the elements of fraud in the inducement). Accordingly, Counts II and III do not meet Rule 9(b)'s heightened pleading requirements and are subject to dismissal.

### 3.  Count IV – Intentional Infliction of Emotional Distress

"To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo.

1997) (en banc) (citing *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. 1996) (en banc)).  "The conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Id.* (quoting *Warrem v. Parrish*, 436 S.W.2d 670, 673 (Mo. 1969)). "The conduct must be 'intended only to cause extreme emotional distress to the victim.'"  *Id.* (quoting *K.G.*, 918 S.W.2d at 799).

Here, Defendants' alleged misconduct—attempting to foreclose on the Property without authority to do so—is not sufficiently extreme and outrageous to state a claim for intentional infliction of emotional distress.  The Complaint does not allege that Plaintiffs were not in default, and it is in no way extreme or outrageous to foreclose on a property when a loan is in default.  Accordingly, Count IV fails to state a claim and is subject to dismissal.

### 4.  Count V – Slander of Title

"Under Missouri law, a claim of slander of title requires the plaintiff to demonstrate: (1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that the plaintiff suffered pecuniary loss or injury as a result of the false statement."  *Jeffrey v. Cathers*, 104 S.W.3d 424, 429 (Mo. Ct. App. 2003) (citing *Bechtle v. Adbar Co., L.C.*, 14 S.W.3d 725, 728 (Mo. Ct. App. 2000)).  "An action for slander of title cannot exist without a malicious intent."  *Bechtle*, 14 S.W.3d at 728 (citing *Tongay v. Franklin Cnty. Mercantile Bank*, 735 S.W.2d 766, 770 (Mo. Ct. App. 1987)).  To plead the existence of malice, a plaintiff must plead facts "support[ing] a reasonable inference that the representation not only was without legal justification or excuse, but also was not innocently or ignorantly made."  *Id.* at 729.

8

In Count V, Plaintiffs allege that "Defendants . . . disparaged Plaintiffs' exclusive valid title by . . . preparing, posting, publishing, and recording . . . various documents for foreclosure" and that "Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiffs." Doc. [3] at 8. Because the Complaint gives no indication of what documents Plaintiffs are challenging or what allegedly false statements those unspecified documents contained, Plaintiffs "have failed to plead factual content that permits the court to infer more than the mere possibility of misconduct." *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1258 (8th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679); *see also Erickson v. Nationstar Mortg., LLC*, 4:20-cv-0034, 2020 WL 7353708, at *4 (E.D. Mo. Dec. 15, 2020) (dismissing slander of title claim because it alleged only "unsupported legal conclusions" and defendant was authorized to make assignment of the deed of trust). As a result, Count V fails to state a claim and is subject to dismissal.

### 5.  Count VI – Quiet Title

The Missouri quiet title statute provides that:

> Any person claiming any title, estate or interest in real property . . . may institute an action against any person or persons having or claiming to have any title, estate or interest in such property . . . to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Mo. Rev. Stat. § 527.150(1).

"To state a claim for quiet title under Missouri law, a plaintiff must allege (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) that such claim is adverse and prejudicial to the plaintiff." *Smith v. Select Portfolio Servicing, Inc.*, 2:16-cv-04203-NKL, 2016 WL 4942029, at *3 (W.D. Mo. Sept. 15, 2016)

9

(citing *Howard v. Radmanesh*, 586 S.W.2d 67, 67 (Mo. Ct. App. 1979)).  "Plaintiffs must 'plead facts showing they, in fact, have a superior title to the property at issue.'"  *Meng v. Fed. Home Loan Mortg. Corp.*, 4:13-cv-2527-RWS, 2014 WL 1347556, at *2 (E.D. Mo. Apr. 4, 2014) (quoting *Dufrenne v. CitiMortgage, Inc.*, 4:09-cv-1524-HEA, 2009 WL 5103275, at *3 (E.D. Mo. Dec. 17, 2009)).

Here, the Complaint fails to plead facts demonstrating that Plaintiffs have a superior title to the Property.  Plaintiffs expressly allege that a mortgage exists and do not allege that they paid off the mortgage or that the Property is no longer encumbered, which suggests that Plaintiffs' interest in the Property is inferior to Defendants' interest.  *See Smith*, 2016 WL 4942029, at *3 (finding that plaintiff failed to state a claim for quiet title where he did not "allege that he paid off the mortgage in full or that his property is no longer encumbered by the mortgage"); *Ponce v. Wells Fargo Bank, N.A.*, 6:19-cv-03152-RK, 2019 WL 4345989 (W.D. Mo. Sept. 12, 2019) (same).  Thus, without any additional facts, Plaintiffs fail to state a claim for quiet title.  Count VI is therefore subject to dismissal.

### 6.  Count VII – Declaratory Relief

"[A] declaratory judgment is a remedy, not a cause of action."  *Ponce*, 2019 WL 4345989, at *3 (alteration in original) (quoting *STIM, LLC v. Aecom Tech. Servs., Inc.*, 4:15-cv-0772-ODS, 2016 WL 1298145, at *2 (W.D. Mo. Apr. 1, 2016)).  Plaintiffs are free to seek declaratory relief for their substantive claims, but they cannot assert "declaratory relief" as an independent cause of action.  *See Borishkevich v. Springfield Pub. Schs. Bd. of Educ.*, 541 F. Supp. 3d 969, 977 n.1 (W.D. Mo. 2021) (explaining that declaratory judgment is a form of relief, not a legal theory giving rise to a separate cause of action).  Therefore, Count VII fails to state a claim for relief and is subject to dismissal.

### 7. Count VIII – TILA Violation

Congress enacted TILA in 1968 to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 53–54 (2004) (quoting 15 U.S.C. § 1601(a)). TILA "requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights, . . . and it prescribes civil liability for any creditor who fails to do so." *Id.* at 54; *see also Rand Corp. v. Yer Song Moua*, 559 F.3d 842, 846 (8th Cir. 2009) (discussing disclosure requirements for loans secured by a borrower's primary residence and availability of rescission). "To state a claim under TILA a plaintiff must show that he did not receive required written disclosures, or that the disclosures were not clear and conspicuous." *Whitely v. Flagstar Bank, FSB*, 4:17-cv-2075 HEA, 2018 WL 465789, at *2 (E.D. Mo. Jan. 17, 2018) (quoting *Goldblatt v. Herron*, 4:10-cv-01183-DGK, 2011 WL 3584794, at *2–3 (W.D. Mo. Aug. 15, 2011)).

Here, Plaintiffs' conclusory allegation that "Defendants violated TILA by failing to provide Plaintiffs with accurate material disclosures required by TILA" fails to meet the basic pleading requirements of Fed. R. Civ. P. 8(a)(2). Doc. [3] at 10. The Complaint contains no factual allegations suggesting that any Defendant is Plaintiffs' creditor or an assignee of their creditor, *see Nieskens v. Peter*, 0:09-cv-2085-DSD-SRN, 2010 WL 1626902, at *3 (D. Minn. Apr. 21, 2010) (dismissing TILA claim where plaintiffs failed to allege facts suggesting that defendant was a creditor), and it does not allege which Defendants failed to comply with TILA's disclosure requirements or specify how Defendants' conduct violated those disclosure requirements, *see Vagle v. Flagstar Bank N.A.*, 0:24-cv-4637-KMM-DLM, 2025 WL

1031145, at *5 (D. Minn. Apr. 7, 2025) (dismissing TILA claim that contained "nothing more than conclusory statements" and did not allege which specific aspects of the communications from the lender were inadequate); *Taylor v. Mortg. Elec. Registration Sys., Inc.*, 4:13-cv-00101-BSM, 2013 WL 12110523, at *3–4 (E.D. Ark. Aug. 14, 2013) (dismissing TILA claims for rescission and damages for failure to allege facts supporting conclusory allegations and for being time-barred).  Further, the Complaint asserts that any applicable statute of limitations was "tolled due to Defendants' failure to effectively provide the required disclosures and notices," Doc. [3] at 10, but it fails to state when the loan originated and does not provide any factual allegations indicating that equitable tolling should apply in this case, *see* 15 U.S.C. § 1640(e) (providing a one-year statute of limitations for filing suit once a violation of TILA has occurred); *Kramer v. Am. Wholesale Lenders*, 4:10-cv-0156-TCM, 2011 WL 577390, at *3 (E.D. Mo. Feb. 9, 2011) ("A violation occurs when the transaction is consummated." (citation modified)); *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706–08 (11th Cir. 1998) (holding that "TILA is subject to equitable tolling"); *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (explaining that the party claiming the benefit of equitable tolling has the burden of "establishing two elements:  (1) that it has been pursuing its rights diligently, and (2) that some extraordinary circumstance stood in its way" (citation modified)).  Thus, Count VIII is subject to dismissal.

## B.  Filing an Amended Complaint

Plaintiffs' amended complaint must cure the deficiencies outlined above.  In curing those deficiencies, the amended complaint must clearly state which Defendants are implicated in each count and specifically allege what each named Defendant did or failed to do that resulted in injury to Plaintiffs.  *See Topchian*, 760 F.3d at 848 (stating that the essential

function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").  It is not enough for Plaintiffs to make conclusory allegations against Defendants as a group.  If the amended complaint fails to make specific factual allegations against any named Defendant, that Defendant will be dismissed from the case.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (unpublished per curiam) (affirming the dismissal of a pro se complaint where individuals were merely named as defendants in the complaint, but there were no specific allegations against them).

Additionally, Plaintiffs the amended complaint must include all the claims and factual allegations they wish to assert because the amended complaint will **completely replace** the original Complaint.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 928 ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Any claims that are not included in the amended complaint will be deemed abandoned and will not be considered.  *See id.*

Finally, Plaintiff House of Loudermilk Trust must retain counsel if it wishes to proceed as a party in this case.  *See United States v. Lylalele, Inc.*, 221 F.3d 1345 (8th Cir. 2000) (unpublished per curiam) ("[T]rusts cannot appear in federal court without legal representation." (citing *Knoefler*, 20 F.3d at 348)); *see also Knoefler*, 20 F.3d at 348 ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.").  If Plaintiff House of Loudermilk Trust fails to

retain counsel within 21 days of this Memorandum and Order, it will be dismissed from this action without prejudice.

### C. Service

As an additional matter, well over 90 days have passed since this case was removed, but the record does not indicate that Plaintiffs have properly served Defendants CSM, PrimeLending, or the fictious defendants. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also id.* at 4(*l*)(1) (providing that "proof of service must be made to the court"). The Court will provide Plaintiffs an additional 21 days to request a summons for each of the unserved Defendants, including the fictitious Defendants, and properly serve them, *see* Fed. R. Civ. P. 4(c)(1)–(2) (providing that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"); E.D. Mo. L.R. 2.02(B). If Plaintiffs fail to properly serve Defendants on or before December 16, 2025, the unserved Defendants will be dismissed from the case without prejudice.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss and dismiss Plaintiffs' Complaint. Plaintiffs will be given 21 days to (1) file an amended complaint in accordance with the foregoing, (2) obtain counsel for Plaintiff House of Loudermilk Trust, and (3) properly serve Defendants. Failure to timely comply with this Memorandum and Order will result in the dismissal of the case. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Plaintiffs' Complaint, Docs. [5], [13], are **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **December 16, 2025**, Plaintiffs shall submit an amended complaint that complies with the directives set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiffs are able to retain counsel for House of Loudermilk Trust, then counsel must enter his or her appearance on or before **December 16, 2025**. Failure to obtain counsel for House of Loudermilk Trust will result in its dismissal from this case.

**IT IS FINALLLY ORDERED** that on or before **December 16, 2025**, Plaintiffs must serve the unserved Defendants and file proof of timely service. Failure to do so will result in the dismissal of this action as to any unserved Defendant without prejudice and without further notice pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 25th day of November 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE