**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DEREK LOUDERMILK,                          )
                                           )
      Plaintiff,                   )
                                           )
      vs.                          )     Case No. 4:24-cv-01360-MTS
                                           )
LAKEVIEW LOAN SERVICING, LLC, *et al.*,  )
                                           )
      Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Lakeview Loan Servicing, LLC ("Lakeview"), Mr. Cooper (Nationstar Mortgage LLC) ("Nationstar"), CSM Foreclosure Trustee Corporation ("CSM"), and PrimeLending's Motions to Dismiss Plaintiff Derek Loudermilk's First Amended Complaint.[1]  Docs. [34], [38], [40].  The issues are fully briefed and ripe for decision. For the reasons that follow, the Court will grant Defendants' Motions to Dismiss and will enter herewith an Order dismissing this action.[2]

### I.      Background

In his First Amended Complaint, Plaintiff Loudermilk, proceeding pro se, challenges the foreclosure of the residence located at 3631 Hartford Street (the "Property").  Doc. [30] at 1–2.

---

[1] Plaintiff also names Rushmore Loan Management Service LLC, Mortgage Electronic Registration Systems, Inc. (MERS), and several Doe Defendants in his First Amended Complaint.  Doc. [30].  Nationstar previously stated in its Amended Disclosure Statement that it "does business in various jurisdictions under fictitious names, including but not limited to 'Mr. Cooper' and 'Rushmore Servicing.'"  Doc. [12] at 1.  As such, given counsel's prior entry of appearance on behalf of Rushmore, Doc. [25], the Court will interpret Defendant Nationstar's motion to dismiss as on behalf of Rushmore as well.

[2] Because the Court previously dismissed Plaintiff's initial Complaint in lieu of dismissing this action and provided Plaintiff with an additional opportunity to state a plausible claim, Doc. [27], the Court declines to give Plaintiff yet another chance.  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (recognizing the "repeated failure to cure deficiencies by amendments previously allowed" as a reason to deny leave to amend); *accord Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended.").

On or about November 6, 2019, Plaintiff obtained a residential mortgage loan from PrimeLending. *Id.* ¶¶ 15–16; Doc. [30-1] at 2–16. The Deed of Trust was recorded with the City of St. Louis Recorder of Deeds and identifies the following: PrimeLending as the Lender, Plaintiff and his wife as the Borrower, and MERS, "a separate corporation that is acting solely as a nominee for Lender, and Lender's successors and assigns," as the grantee, nominee, and beneficiary of the Deed. Doc. [30-1] at 5–6. The Deed continues, stating "that MERS holds only legal title to the interests granted by [Plaintiff] in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." *Id.* at 7. The Note contains a blank endorsement pursuant to Mo. Rev. Stat. § 400.3-205(b).[3] *Id.* at 4.

On November 16, 2023, Nationstar sent a letter to Plaintiff stating that the mortgage "is currently past due for the 09/01/2023 payment and is due for all payments from and including that date." Doc. [30-1] at 23. On December 6, 2023, Plaintiff and his wife executed a quitclaim deed granting their "rights, title and interest in and to all of the above described property and premises to" the House of Loudermilk Living Trust "in fee simple, so that neither [they] nor [their] heirs legal representatives or assigns shall have, claim, or demand any right to the property, premises, or appurtenances, or any part thereof." *Id.* at 21–22. On January 18, 2024, MERS, "as beneficiary, as nominee for [PrimeLending], its successors and assigns," assigned the Deed of Trust to Lakeview and recorded the assignment with the City of St. Louis Recorder of Deeds. *Id.* at 25–

---

[3] While Plaintiff contests that this endorsement is not a blank endorsement, *see* Doc. [30] ¶¶ 19–20, his assertion is conclusory and inconsistent with the documentation filed with and referenced by his First Amended Complaint. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts"); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."(citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974))).

27.  On May 30, 2024, Plaintiff recorded an Amended Deed of Trust "to correct and clarify certain aspects of the chain of title and to reflect updated beneficiary information."  Docs. [30] ¶¶ 29–30; [42-1].  The Deed is not endorsed by any individual or entity other than Plaintiff and makes material changes to the substance of the Deed, including, for example, removing MERS as the nominee for PrimeLending, naming the House of Loudermilk Living Trust as the Grantee/Beneficiary, and substituting "Derek:Ross; Loudermilk" as trustee.  *See* Doc. [42-1].

On June 17, 2024, Nationstar, acting as the "attorney-in-fact for [Lakeview]," filed an "Appointment of Successor Trustee," appointing CSM "as successor trustee under the deed of trust with all powers of the original trustee."  *Id.* at 46–48.  CSM then filed two "Notice of Trustee's Sale" documents, noting that "[a] default [had] accrued" on the note secured by the Deed of Trust and stating that it would conduct a sale of the property on July 24 and September 18, 2024.  *Id.* at 50–51.  Neither sale took place.  Doc. [30] ¶¶ 36–37.

Plaintiff brings five claims in his First Amended Complaint:  (1) a quiet title claim against all Defendants; (2) a declaratory judgment claim against all Defendants requesting that the Court declare that none of the Defendants lawfully hold the Note or are entitled to enforce it, the transfer to Lakeview was invalid, the appointment of CSM was invalid, and that none of the Defendants have the right to foreclose on the property; (3) a slander of title claim against Lakeview, Nationstar, MERS, and CSM, alleging that each party published false statements in the chain of title, including "the 2024 Assignment [to Lakeview], the 2024 Trustee Appointment, and the Sale Notices"; (4) a fraud claim against Lakeview, Nationstar, MERS, and CSM, alleging that each party "made . . . material representations to Plaintiff and to the public through recorded instruments and correspondence . . . ," that those "representations were false when made," and that the Defendants "knew, or were reckless in not knowing, that [the] representations were false"; and (5) a claim

- 3 -

under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, alleging that Nationstar and Rushmore improperly attempted to collect on the note on behalf of Lakeview, despite Lakeview having no legal right to collect." Doc. [30] ¶¶ 42–74. CSM moves to dismiss, arguing that, as a successor trustee, CSM was fraudulently joined in the action. Doc. [34]. PrimeLending moves to dismiss, disclaiming any interest in the Property. Doc. [38]. Finally, Nationstar and Lakeview move to dismiss, arguing that Plaintiff's claims fail because: (1) the note was endorsed in blank, allowing for transfer by possession alone; (2) Plaintiff has no interest in the property, as he transferred all of his interest via quitclaim deed to The House of Loudermilk Trust; (3) as demonstrated by the documents attached to Plaintiff's First Amended Complaint, Defendants made no false statements; (4) Plaintiff failed to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b); and (5) Plaintiff failed to properly plead under the FDCPA that Nationstar is a "debt collector." Doc. [41]. Each of Defendants' Motions is well taken.

## II.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (2009). As it must, the Court accepts the Complaint's well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *Davis v. Wash. Univ. in St.*

- 4 -

*Louis*, 960 F.3d 478, 483 (8th Cir. 2020).  But courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick*, 944 F.3d at 717.

### III.      Discussion

####      **A. Plaintiff cannot establish that he has superior title over Defendants.**

Defendants argue that Plaintiff's quiet title claim must be dismissed because Plaintiff and his wife executed a quitclaim deed granting "all of [Plaintiff's rights, title and interest in and to [the Property] to [the House of Loudermilk Living Trust] and to the [Trust's] heirs and assigns forever in fee simple, so that neither [Plaintiff] nor [Plaintiff's] heirs legal representatives or assigns shall have, claim, or demand any right or title to the property, premises, or appurtenances, or any part thereof." Doc. [30-1] at 22.  The Court agrees.  To state a cause of action to quiet title, a plaintiff must allege (1) ownership in the real property, (2) that the defendant claims some title, estate, or interest in the real property, and (3) that the defendant's claim is adverse and prejudicial to the plaintiff.  *See Kulovic v. BAC Home Loans Servicing, L.P.*, 4:10-cv-2058-CAS, 2011 WL 1483374, at *10 (E.D. Mo. Apr. 19, 2011).  Additionally, Plaintiff must plead facts demonstrating that he has a superior title to the property at issue than the defendants.  *Meng v. Fed. Home Loan Mortg. Corp.*, 4:13-cv-2527-RWS, 2014 WL 1347556, at *2 (E.D. Mo. Apr. 4, 2014).  Plaintiff does not contest that he holds title individually but instead contends that he has standing to proceed as "the borrower personally liable on the Note" and as the resident and possessor of the property. Doc. [30] ¶ 22.

Here, Plaintiff cannot establish that he, as an individual, enjoys superior title to the property than any defendant.  Plaintiff has stated, and the exhibits appended to the First Amended Complaint show, that he no longer holds title to the Property.  Docs. [30] ¶ 21; [30-1] at 22.  Additionally, while Plaintiff may hold legal title as trustee, *see* Doc. [30-1] at 21, Plaintiff nevertheless cannot

- 5 -

represent the interests of the trust pro se.  *See Collison v. Director of Revenue*, 621 S.W.3d 165, 168 (Mo. banc 2021) ("A statutory entity such as a trust or corporation must appear in court through counsel, as while an individual property owner may appear *pro se*, a trustee cannot."); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity, i.e., a trust, in a court of the United States." (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987))).  While Plaintiff argues that this result would "insulate Defendants from judicial review and cannot be the law," the Court notes that it previously permitted Plaintiff to seek counsel to represent the interests of the Trust.  *See* Doc. [27].  As such, Count I is dismissed.

### B. Plaintiff's documents confirm that Defendant Lakeview is the holder of the blank endorsed note, and that the assignment and appointment are valid.

Defendants further argue that Plaintiff's request for a declaratory judgment is improper because Plaintiff's requested relief is inconsistent with the documents attached to Plaintiff's First Amended Complaint.  *See* Doc. [41] at 9–10.  The Court agrees that Plaintiff's requests for declaratory relief are predicated on the same flawed legal and factual allegations, specifically: (1) that none of the named Defendants are "holders" of the Note pursuant to Mo. Rev. Stat. §§ 400.1-201(b)(21) and 400.3-301, as "the Note contains no endorsement to any Defendant and no endorsement in blank," Doc. [30] ¶ 20; (2) that the 2024 Assignment to Lakeview is void, as "[t]he Note contains no endorsement to Lakeview, no endorsement in blank, and no allonge," *id.* ¶ 33, because "Plaintiff is informed and believes that Lakeview has never possessed the original Note," *id.*, and because MERS lacked the ability under the original Deed of Trust to issue the Assignment, *id.* ¶ 27; (3) that the 2024 Trustee Appointment was invalid, as Lakeview "had no enforceable beneficial interest in the 2019 Deed of Trust" and "lacked authority . . . to remove the original

- 6 -

trustee and to appoint CMS," *id.* ¶ 35; and (4) that the CSM "Sales Notices are void and of no legal effect," as CSM's appointment was invalid, *id.* ¶ 36–38.

Initially, despite Plaintiff's conclusory allegation that Lakeview did not possess the Note, Plaintiff's own exhibits show the opposite: including, a November 16, 2023, letter stating that Lakeview was the "Investor" in Plaintiff's loan, *see* Doc. [30-1] at 23–24; MERS's January 18, 2024, assignment of the Deed of Trust to Lakeview, *see id.* at 26–28; and Lakeview's "Appointment of Successor Trustee" document, which expressly describes Lakeview as the "noteholder," *see id.* at 46–48. Furthermore, as was previously discussed, the Note contains a blank endorsement under Mo. Rev. Stat. § 400.3-205(b). *Id.* at 4. As such, MERS's assignment of the Deed of Trust to Lakeview, Lakeview's appointment of CSM as the successor trustee, and CSM's attempts to initiate foreclosure sales were not improper. *See* Doc. [30-1] at 26–28, 46–48, 50–51. The Court need not accept as true Plaintiff's conclusory allegations or legal conclusions to the contrary. *Glick*, 944 F.3d at 717. Based on the exhibits filed with the First Amended Complaint, and many of Plaintiff's own admissions therein, the Court concludes that Plaintiff has failed to plead facts sufficient to raise plausible questions as to the issues raised in his declaratory judgment. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013) (acknowledging that declaratory judgment actions are subject to the same pleading requirements as other claims asserted in federal court). As such, Count II is dismissed.

**C. Plaintiff did not plead facts sufficient to state a slander of title or fraud claim.**

Defendants also argue that Plaintiff failed to plead sufficient facts to state a slander of title or fraud claim. *See* Doc. [41] at 11–14. The Court agrees. Under Missouri law, a plaintiff must plead and prove four elements for a slander of title claim: (1) an interest in the property, (2) that the words published were false, (3) "that the words were maliciously published," and (4) that the

plaintiff "suffered pecuniary loss" "as a result of the false statement." *Bechtle v. Adbar Co., L.C.*, 14 S.W.3d 725, 728 (Mo. App. 2000). Similarly, the elements of fraud under Missouri law are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the representation be acted upon by the other party; (6) the other party's ignorance of its falsity and right to rely on its truth; which (6) proximately caused injury. *Green Acres Enterprises, Inc. v. Nitsche*, 636 S.W.2d 149, 153 (Mo. Ct. App. 1982).

> Here, Plaintiff asserts that Defendants falsely asserted the following:

> (1) MERS held an assignable interest in the 2019 Deed of Trust and could transfer it to Lakeview; (2) Lakeview is the "present holder" of the Note and entitled to enforce it; (3) Lakeview had authority to remove the original trustee and appoint CSM as successor trustee; and (4) CSM had authority to conduct non-judicial foreclosure of the Property under the 2019 Deed of Trust.

Doc. [30] ¶¶ 57–58, 63. As with his other claims, Plaintiff's exhibits belie his allegations, which are themselves inconsistent with Missouri state law. First, MERS held legal title "to the interests . . . in the [Deed of Trust]," Doc. [30-1] at 7, in its capacity as beneficiary to the deed of trust and nominee of PrimeLending and its successors and assigns. Second, "as beneficiary, as nominee for PrimeLending, . . . its successors and assigns," MERS transferred those interests to Lakeview by recorded assignment on January 18, 2024. *Id.* at 25–27. Plaintiff has failed to identify any authority, either under Missouri law or the Deed of Trust itself, barring the transfer of MERS's interest in the Deed of Trust. As such, Plaintiff has failed to allege facts supporting its allegation that MERS held no such interest and was barred from transferring it. *See Glick*, 944 F.3d at 717.

Furthermore, "[a] deed of trust securing a negotiable note passes with it . . . ." *Goetz v. Selsor*, 628 S.W.2d 404, 405 (Mo. Ct. App. 1982) (citing *Smith v. Holdoway Constr. Co.*, 129 S.W.2d 894, 899 (Mo. 1939)). "[A] party entitled to enforce a note is also entitled to enforce the deed of trust securing the note . . . ." *In re Washington*, 468 B.R. 846, 853 (Bankr. W.D. Mo.

- 8 -

2011) (applying Missouri law). The Court has already concluded that Plaintiff's conclusory allegations are insufficient to establish, in light of the attached exhibits, that Lakeview did not possess the Note. *See supra* Section B. Thus, as the possessor of the Note, Lakeview would naturally have the right to enforce the Note as well, regardless of whether MERS transferred its interest in the Deed of Trust. *See Fed. Nat. Mortg. Ass'n v. Conover*, 428 S.W.3d 661, 669 (Mo. Ct. App. 2014) ("Under Missouri law, because the note and the deed of trust are inseparable, the holder of a note is entitled to enforce the deed of trust securing that note."). Lakeview, then, similarly had the right to substitute CSM as the trustee under the Deed of Trust, *see* Doc. [30-1] at 15 ¶ 24, and CSM, as the successor trustee, had the right to sell the property, *see id.* at 7. Because Plaintiff has failed to plead facts sufficient to establish that any statement made by Defendants was false, Counts III and IV must be dismissed.

**D. Plaintiff failed to allege facts sufficient to establish that Defendants Nationstar or Rushmore were "debt collectors" under the meaning of the FDCPA.**

"To prevail on a claim pursuant to the FDCPA, plaintiff must allege and prove that (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA." *Schuller v. AllianceOne Receivables, Mgmt., Inc.*, 4:15-cv-298, 2016 WL 427961, at *2 (E.D. Mo. Feb. 4, 2016) (citation omitted). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Explicitly excluded from the definition of "debt collector" is, among others, "any officer or employee of a creditor while, in the name of a creditor, collecting debts for such creditor," and "any person collecting or attempting to collect any debt owed or asserted to be owed

- 9 -

or due another" where such conduct "concerns a debt which was originated by such person" or a debt that "was not in default at the time it was obtained by such person," 15 U.S.C. §§ 1692a(6)(A), (F). "Additionally, a defendant is not a debt collector if the defendant is servicing, rather than collecting, the plaintiff's debt." *Diaz v. Viking Client Servs., Inc.*, 0:16-cv-0336-SRN, 2016 WL 5796835, at *3 (D. Minn. Oct. 3, 2016).

In the First Amended Complaint, Plaintiff alleged that "[i]n the Default Letter and in subsequent communications, Nationstar falsely represented the character, amount, and legal status of the debt and falsely represented that it and Lakeview had the right to accelerate the loan and foreclose on the Property, in violation of [15 U.S.C. § 1692e(2)(A), (5), and (10)]," and that "Rushmore has continued collection efforts based on the same false premise that Lakeview or some unidentified investor is the lawful creditor with authority to enforce the Note and Deed of Trust, likewise violating [15 U.S.C. §§ 1692e and 1692f.]" Doc. [30] ¶¶ 74–75. These contentions are baseless.

This Court has already concluded, based on the exhibits attached to Plaintiff's Amended Complaint, that the Defendants have not misrepresented whether Lakeview was the holder of the Note or had the right to enforce the Deed of Trust. *See supra* Sections B & C. Furthermore, Plaintiff's allegations concerning alleged false representations in the Default Letter are conclusory because they merely reference the elements of a claim under Section 1692e(2)(A) without providing additional facts in support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted). Finally, Plaintiff fails to sufficiently allege that Nationstar or Rushmore are "debt collectors" within the meaning of the FDCPA because there is no allegation that the debt was in default at the time Defendant obtained it. *See, e.g., Somlar v. Nelnet Inc.*,

- 10 -

4:16-cv-1037-AGF, 2017 WL 35703, at *3 (E.D. Mo. Jan. 4, 2017).  As such, Count V is dismissed.

**E. The Court concludes that, given its findings above, dismissal as to the remaining Defendants is appropriate.**

Because the above pleading deficiencies and grounds for dismissal are equally applicable to the non-moving or unserved Defendants—that is, Mortgage Electronic Registration Systems, Inc., Rushmore Loan Management Services, LLC, and the Doe Defendants—the Court will dismiss this action in its entirety.  *See, e.g.*, *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); *see also, e.g.*, *Rose v. Ark. Valley Env't & Util. Auth.*, 562 F. Supp. 1180, 1189 n.11 (W.D. Mo. 1983); *Silva v. Federal Nat'l Mortg. Corp.*, 3:15-cv-01514-MAS, 2015 WL 9460559, at *5, n.2 (D.N.J. Dec. 23, 2015); *Jackson v. Focus Features LLC*, 4:24-cv-1194-SEP, 2025 WL 1706717, at *3 (E.D. Mo. June 18, 2025).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, Docs. [34], [38], and [40], are **GRANTED**.  The Court will enter an Order of Dismissal herewith.

Dated this 22nd day of May 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 11 -